UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

| | | |
|---|---|---|
| NICHOLAS COX | ) | |
|     Plaintiff, | ) | C.A No.  1:12-cv-11817 |
| | ) | |
| v. | ) | |
| | ) | **COMPLAINT** |
| SERGEANT DETECTIVE PAUL MURPHY, | ) | |
| OFFICER SEAN FLAHERTY, OFFICER | ) | |
| BRIAN SMIGIELSKI, and THE CITY OF | ) | |
| BOSTON | ) | |
|     Defendants. | ) | |

_____)

## INTRODUCTION

1.  This is an action for money damages for violations of the Plaintiff's constitutional rights

    brought pursuant to 42 U.S.C. §1983 and related state law. Plaintiff Nicholas Cox alleges that

    the Defendant police officers used excessive force against him  in violation of the Fourth and

    Fourteenth Amendments to the United States Constitution and the Massachusetts Civil

    Rights Act, M.G.L. c. 12, §11I. The defendant officers fractured bones in Plaintiff's face,

    necessitating surgery and resulting in permanent injury. The Plaintiff further alleges that the

    City of Boston has demonstrated a custom and policy of deliberate indifference to the

    constitutional rights of its citizens by failing to properly investigate, supervise, and discipline

    officers known to use unreasonable force. This custom created an environment of impunity

    which was the moving force behind the violation of Plaintiff's rights.

## JURISDICTION

2.  Jurisdiction is based upon 28 U.S.C. §§1331 and 1343, and on the pendent jurisdiction of this

    court to entertain related claims arising under state law.

## **PARTIES**

3.  At all times relevant to this action, Plaintiff Nicholas Cox was a resident of Boston, Massachusetts.

4.  Defendant Officer Murphy is a police officer for the Boston Police Department, acting under color of law at all times relevant to this Complaint, and is sued in his individual capacity as a police officer for the City of Boston.

5.  Defendant Officer Smigielski is a police officer for the Boston Police Department, acting under color of law at all time relevant to this Complaint, and is sued in his individual capacity as a police officer for the City of Boston.

6.  Defendant Officer Flaherty is a police officer for the Boston Police Department, acting under color of law at all times relevant to this Complaint, and is sued in his individual capacity as a police officer for the City of Boston.

7.  Defendant City of Boston is a municipality duly authorized under the laws of the Commonwealth of Massachusetts.

## **FACTS**

8.  On or about February 22, 2010, the Plaintiff Nicholas Cox was stopped by Defendant officers while walking down Mount Pleasant Street in Boston.

9.  The Defendants accused the Plaintiff of being involved in an earlier altercation with a woman down the street. Mr. Cox stated that he was not aware of, or involved in, an earlier altercation.

10. The officers continued to accuse Mr. Cox of being involved in an altercation, and the Plaintiff continued to truthfully deny any knowledge of the altercation.

11. The officers became visibly angry at Mr. Cox's denials. Defendant Murphy then advanced on the Plaintiff, grabbed him, and put him in a full headlock. At that point, the officer accused Mr. Cox of selling drugs.

12. The manner in which Defendant Murphy held the Plaintiff's head and neck restricted Plaintiff's breathing for what felt like approximately thirty seconds.

13. Defendant Murphy then pushed the Plaintiff down on his stomach. Next, Defendant Murphy got on Plaintiff's back and, while continuing to choke the Plaintiff with one arm, used the other hand to begin punching the Plaintiff with a closed fist. One of the Defendant officers restrained the Plaintiff's arm when the Plaintiff tried to shield himself from Defendant Murphy's repeated blows to his face.

14. Neither Defendant Flaherty nor Defendant Smigielski did anything to intervene as Defendant Murphy repeatedly struck the Plaintiff.

15. Detective Murphy's blows fractured the bones of the Plaintiff's face.

16. The Plaintiff was in excruciating pain. Plaintiff's face was dripping with blood.

17. Plaintiff was taken to the police station and an ambulance was eventually called.

18. Mr. Cox's mother had arrived at the station, however, and he was released to her. She took him directly to the emergency room.

19. At the emergency room, doctors concluded that the Plaintiff had a right orbital floor fracture, and that he would need surgery, but would have to wait for surgery until the dramatic swelling subsided.

20. Less than two weeks later, Mr. Cox was required to undergo surgery on the right side of his face. A piece of metal had to be permanently inserted in his face to hold his eye socket in place.

21. To this day, Mr. Cox can feel the presence of this metal in his face.

22. After the incident, Mr. Cox's face was in extreme pain for several weeks. He experienced severe headaches. He had nerve damage and experienced numbness. He also experienced difficulty chewing.

23. To this day, his eye continues to be easily irritated. He experiences facial twitches and throbbing. He may need to undergo further surgery.

24. As a result of this incident Mr. Cox also experienced humiliation, difficulty sleeping, fear, and emotional distress.

25. The defendant officers did not prepare a proper use of force report after the incident, in disregard of their own department policy requiring that they do so.  They were not disciplined for the failure to do so.

26. The supervisors on duty did not initiate an investigation into Mr. Cox's injuries after the incident despite plaintiff's visible injuries, and despite a department policy requiring that they do so.  This disregard of department policy by department leadership, and failure to document and investigate visible injuries to arrestees served to ratify the use of force by defendant officers, and is probative of the deliberately indifferent culture within the department.

27. Defendant Murphy has faced numerous citizen complaints, including at least six complaints for excessive force between 2001 and 2011. The investigations into these complaints have not been thorough. Murphy was not found responsible for any of these complaints despite the evidence offered by complainants; he was not disciplined for excessive force despite the number of complaints and their severity.

28. Moreover, the investigations into many of these complaints have been left pending for years on end. For instance, the investigation into the complaint arising out of the incident at issue in this lawsuit has been pending since March, 2010.

29. Defendant Smigielsky and Defendant Flaherty have also had numerous citizen complaints lodged against them. Defendant Smigielsky has faced at least five use of force complaints between 2001 and 2011. In one such complaint, the allegations and injuries were markedly similar to this case – a young man was stopped in the street, and ended up in the hospital with broken bones in his face after an encounter with Defendant Smigielsky.

30. Defendant Flaherty has faced at least three use of force complaints in the same time period. After shoddy investigations, the complaints against the officers were either not sustained, unfounded or were left pending.

31. The failure to properly investigate, discipline, and supervise officers who have had a history of citizen complaints, including Defendant officers, has created a culture of impunity within the department. This culture is the moving force behind the violations of Mr. Cox's civil rights.

### COUNT I
### VIOLATION OF 42 U.S.C. §1983
### BY ALL INDIVIDUAL DEFENDANTS

32. The Plaintiff restates the allegations in paragraphs 1 through 31 and incorporates said paragraphs herein as paragraph 32.

33. By the actions described above in paragraphs 1 through 32, the Defendants, acting under color of law, deprived the Plaintiff of his right to be free from the use of excessive force, in violation of 42 U.S.C. §1983 and his Fourth and Fourteenth Amendment rights as guaranteed by the United States Constitution.

**COUNT II**
**VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT: M.G.L. c. 12, §11I**
**BY ALL INDIVIDUAL DEFENDANTS**

34. The Plaintiff restates the allegations in paragraphs 1 through 33 and incorporates said paragraphs herein as paragraph 34.

35. By the actions described above in paragraphs 1 through 34, the Defendants violated the Plaintiffs' civil rights through threats, intimidation, and coercion, in violation of M.G.L. c. 12, §11I.

**COUNT III**
**VIOLATION OF 42 U.S.C. §1983**
**BY DEFENDANT CITY OF BOSTON**

36. The Plaintiff restates the allegations in paragraphs 1 through 35 and incorporates said paragraphs herein as paragraph 36.

37. By the actions described above in paragraphs 1 through 36, the City of Boston has demonstrated a custom and policy of deliberate indifference to the rights of citizens by:

   a. Tolerating a custom and policy in which officers violate the constitutional rights of citizens through the use of unreasonable force;

   b. Failing to take disciplinary action against officers who violate the rights of citizens by using unreasonable force; and,

   c. Failing to adequately supervise and investigate officers who are prone to use unreasonable force;

   d. Failing to adequately train officers in the proper use of force.

39. These failures have created an atmosphere of impunity within the department and were the moving force beyond the violations of Plaintiff's civil rights.

**WHEREFORE,** the Plaintiff requests that this Court award:

1.  Compensatory damages against all Defendants jointly and severally;

2.  Punitive damages against all Defendants;

3.  The costs of this action, including reasonable attorneys' fees; and,

4.  Such other and further relief, as this Court may deem necessary and appropriate.

<u>**DEMAND FOR JURY TRIAL**</u>

A jury trial is hereby demanded.


DATED: October 1, 2012

                                        Respectfully Submitted
                                        Plaintiff NICHOLAS COX
                                        By his attorneys,


                                        <u>/s/Jessica D. Hedges</u>
                                        Jessica D. Hedges
                                        BBO No. 645847
                                        Michael Tumposky
                                        BBO No. 660618
                                        Hedges & Tumposky, LLP
                                        15 Broad Street
                                        Boston, MA 02109
                                        T) (617) 722-8220