UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
No. 1:12-cv-11817-GAO

NICHOLAS COX,
          Plaintiff
v.

PAUL MURPHY, SEAN FLAHERTY,
BRIAN SMIGIELSKI, and THE CITY
OF BOSTON,
          Defendants

## DEFENDANT, CITY OF BOSTON'S ANSWER TO PLAINTIFF'S COMPLAINT

### INTRODUCTION

1. The first paragraph of Plaintiff's Third Complaint is introductory in nature and does not require an answer from Defendant, City of Boston (hereinafter, "City"). Assuming that a response is required, the City denies the allegations in this introductory paragraph to the extent that they allege facts or claims that pertain to it. The City is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in the introductory paragraph.

### JURISDICTION

2. Paragraph two contains statements of jurisdiction and does not require an answer from the City.

### PARTIES

3. The City is without sufficient information to admit or deny the allegations in Paragraph three and, therefore, neither admits nor denies these allegations.

1

4. The City admits that Defendant Murphy is a police officer of the Boston Police Department and that he is being sued in his individual capacity. The City is without sufficient information to admit or deny the remaining allegations in Paragraph four and, therefore, neither admits nor denies these allegations.

5. The City admits that Defendant Smigielski is a police officer of the Boston Police Department and that he is being sued in his individual capacity. The City is without sufficient information to admit or deny the remaining allegations in Paragraph five and, therefore, neither admits nor denies these allegations.

6. The City admits that Defendant Flaherty is a police officer of the Boston Police Department and that he is being sued in his individual capacity. The City is without sufficient information to admit or deny the remaining allegations in Paragraph six and, therefore, neither admits nor denies these allegations.

7. The City admits the allegations in Paragraph seven.

## FACTS

8. The City is without sufficient information to admit or deny the allegations in Paragraph eight and, therefore, neither admits nor denies these allegations.

9. The City is without sufficient information to admit or deny the allegations in Paragraph nine and, therefore, neither admits nor denies these allegations.

10. The City is without sufficient information to admit or deny the allegations in Paragraph ten and, therefore, neither admits nor denies these allegations.

11. The City is without sufficient information to admit or deny the allegations in Paragraph eleven and, therefore, neither admits nor denies these allegations.

12. The City is without sufficient information to admit or deny the allegations in Paragraph twelve and, therefore, neither admits nor denies these allegations.

13. The City is without sufficient information to admit or deny the allegations in Paragraph thirteen and, therefore, neither admits nor denies these allegations.

14. The City is without sufficient information to admit or deny the allegations in Paragraph fourteen and, therefore, neither admits nor denies these allegations.

15. The City is without sufficient information to admit or deny the allegations in Paragraph fifteen and, therefore, neither admits nor denies these allegations.

16. The City is without sufficient information to admit or deny the allegations in Paragraph sixteen and, therefore, neither admits nor denies these allegations.

17. The City is without sufficient information to admit or deny the allegations in Paragraph seventeen and, therefore, neither admits nor denies these allegations.

18. The City is without sufficient information to admit or deny the allegations in Paragraph eighteen and, therefore, neither admits nor denies these allegations.

19. The City is without sufficient information to admit or deny the allegations in Paragraph nineteen and, therefore, neither admits nor denies these allegations.

20. The City is without sufficient information to admit or deny the allegations in Paragraph twenty and, therefore, neither admits nor denies these allegations.

21. The City is without sufficient information to admit or deny the allegations in Paragraph twenty-one and, therefore, neither admits nor denies these allegations.

22. The City is without sufficient information to admit or deny the allegations in Paragraph twenty-two and, therefore, neither admits nor denies these allegations.

23. The City is without sufficient information to admit or deny the allegations in Paragraph twenty-three and, therefore, neither admits nor denies these allegations.

24. The City is without sufficient information to admit or deny the allegations in Paragraph twenty-four and, therefore, neither admits nor denies these allegations.

25. The City denies that the allegations in the first sentence of Paragraph twenty-five to the extent that they allege that the defendant officers did not prepare use of force reports. The City admits the allegations in the first sentence of Paragraph twenty-five to the extent that they allege that the department has a policy requiring officers to prepare use of force reports. The City admits the allegations in the second sentence of Paragraph twenty-five to the extent that they allege that the officers were not disciplined. The City denies that allegations in the second sentence of Paragraph twenty-five to the extent that they allege that the officers failed to adhere to department policy.

26. The City admits the allegations in the first sentence of Paragraph twenty-six to the extent that they allege that there is a department policy that requires the investigation of visible injuries. The City is without sufficient information to admit or deny the remaining allegations in the first sentence of Paragraph twenty-six and, therefore, neither admits nor denies these allegations.   The City denies the allegations in the second sentence of Paragraph twenty-six.

27. The City admits the allegations in the first sentence of Paragraph twenty-seven to the extent that they allege that Defendant Murphy has faced citizen complaints, including six complaints for excessive force. The City neither admits nor denies the allegation in the first sentence of Paragraph twenty-seven pertaining to "numerous" citizen complaints as the term "numerous" is vague, ambiguous, undefined, and subjective. The City denies the

allegations in the second sentence of Paragraph twenty-seven. The City admits the allegations in the third sentence of Paragraph twenty-seven to the extent that they allege that Defendant Murphy was not disciplined for excessive force. The City denies the remaining allegations in the third sentence of Paragraph twenty-seven.

28. The City admits the allegations in Paragraph twenty-eight to the extent that it alleges that the investigation into the complaint arising out of the incident at issue in this lawsuit is pending. The City denies the remaining allegations in Paragraph twenty-eight.

29. The City admits the allegations in the first sentence of Paragraph twenty-nine to the extent that they allege that Defendants Smigielski and Flaherty have faced citizen complaints. The City neither admits nor denies the allegation in the first sentence of Paragraph twenty-nine pertaining to "numerous" citizen complaints as the term "numerous" is vague, ambiguous, undefined and subjective. The City admits the allegations in the second sentence of Paragraph twenty-nine. The City denies the allegations in the third sentence of Paragraph twenty-nine.

30. The City admits the allegations in the first sentence of Paragraph thirty. The City denies the allegations in the second sentence of Paragraph thirty.

31. The City denies the allegations in Paragraph thirty-one.

**COUNT I**
**VIOLATION OF 42 U.S.C. § 1983**
**BY ALL INDIVIDUAL DEFENDANTS**

32. The City repeats and incorporates by reference the answers contained in Paragraphs one through thirty-one of its Answer as fully set forth herein.

33. The allegations contained within Paragraph thirty-three are not directed toward the City and, therefore, no answer is required of it.

## COUNT II
## VIOLATION OF MASSACHUSETTS CIVIL RIGHT ACT: M.G.L. c. 12, § 11(I)
## BY ALL INDIVIDUAL DEFENDANTS

34. The City repeats and incorporates by reference the answers contained in Paragraphs one through thirty-three of its Answer as fully set forth herein.

35. The allegations contained within Paragraph thirty-five are not directed toward the City and, therefore, no answer is required of it.

## COUNT III
## VIOLATION OF 42 U.S.C. § 1983
## BY DEFENDANT CITY OF BOSTON

36. The City repeats and incorporates by reference the answers contained in Paragraphs one through thirty-five of its Answer as fully set forth herein.

37. The City denies the allegations in Paragraph thirty-seven, including subparts a-d.

39.  (*sic*) The City denies the allegations in Paragraph thirty-nine.

The last paragraph of Plaintiff's Complaint is a request for relief and as such, no response is required.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's injuries and or damages, if any, were proximately caused by his own negligent or intentional conduct and/or by the conduct of others, and not by the conduct of the City.

### THIRD AFFIRMATIVE DEFENSE

6

The City, at all times, acted in good faith upon reasonable belief and that its actions were in accordance with the Constitution and laws of the United States and the Commonwealth of Massachusetts.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff is by his own acts, omissions, or negligence estopped from asserting any claims against the City.

## FIFTH AFFIRMATIVE DEFENSE

The City's acts and conduct were performed according to, and protected by, law and/or legal process, and therefore, the Plaintiff cannot recover.

## SIXTH AFFIRMATIVE DEFENSE

None of the City's acts or omissions was a proximate cause of injuries or damages, if any, allegedly sustained by the Plaintiff.  Nor were these alleged injuries or damages caused by any person or entity within the City's responsibility or control.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has not been deprived of any rights secured by either the Constitution, the laws of the United States or of the Commonwealth of Massachusetts.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches and /or the statute of limitations.

## NINTH AFFIRMATIVE DEFENSE

The Complaint fails because the City of Boston did not maintain an unconstitutional municipal policy.

## TENTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint fails because the City of Boston did not maintain a well-settled municipal practice which by its implementation was deliberately indifferent to the constitutional rights of Plaintiff.

### ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint fails because no decision or action by other official of the City of Boston vested with policy making authority was deliberately indifferent to the constitutional rights of Plaintiff.

### TWELFTH AFFIRMATIVE DEFENSE

The Complaint fails because its employees, policymakers, and/or agents are shielded by the doctrine of qualified immunity.

### THIRTEENTH AFFIRMATIVE DEFENSE

At all times relevant to the incident alleged by the Plaintiff, the City and its employees acted in accordance with all relevant laws of the Commonwealth of Massachusetts and the United States of America.

### FOURTEENTH AFFIRMATIVE DEFENSE

The City is immune from suit as it was engaging in discretionary functions.

### **JURY DEMAND**

The City demands a trial by jury on all counts.

Respectfully submitted,
DEFENDANT, CITY OF BOSTON

William F. Sinnott, Corporation Counsel

By its attorneys:

/s/ Lisa Skehill Maki

Lisa S. Maki, BBO # 675344
Senior Assistant Corporation Counsel
Michelle K. Hinkley, BBO # 675609
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-3238 (Hinkley)
(617) 635-4022 (Maki)
Michelle.Hinkley@cityofboston.gov
Lisa.Maki@cityofboston.gov

## CERTIFICATE OF SERVICE

I, Lisa Skehill Maki, hereby certify that on this date I served a copy of the foregoing document via electronic filing (EFC) on all counsel of record.

Date:   1/18/13

/s/ Lisa Skehill Maki
Lisa Skehill Maki

9