UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| NICHOLAS COX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil No. |
| v. | ) | 12-11817-FDS |
| | ) | |
| SERGEANT DETECTIVE PAUL MURPHY, | ) | |
| OFFICER SEAN FLAHERTY, | ) | |
| DETECTIVE BRIAN SMIGIELSKI, and | ) | |
| THE CITY OF BOSTON, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**SAYLOR, J.**

This is a civil rights action arising out of an incident in which two Boston Police Officers are alleged to have used excessive force during the course of an arrest. On February 12, 2016, the Court entered a memorandum and order granting in part and denying in part the City of Boston's motion for summary judgment. That memorandum and order relied on facts in evidence but filed under seal; accordingly, the memorandum and order itself was also entered under seal.

There is a "presumption that the public has a common-law right of access to judicial documents." *In re Providence Journal Co., Inc.*, 293 F.3d 1, 9 (1st Cir. 2002) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978)). In light of that presumption, the Court also issued an order to the parties to show cause why the memorandum and order on summary judgment, and the underlying documents on which it relies, should not be unsealed.

After careful consideration of the parties' response to the order to show cause, the Court finds there is no "compelling reason" why the memorandum and order on defendant City of Boston's motion for summary judgment should remain under seal.  *See Providence Journal*, 293 F.3d at 10.  With respect to the parties' summary judgment briefs and supporting exhibits, however, for the present time the Court will allow those materials to remain under seal pending further order of the Court.

Accordingly, it is hereby ORDERED that the Court's February 12, 2016 memorandum and order (Docket #76) be unsealed.

**So Ordered.**

Dated:  March  11, 2016

/s/  F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge